# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE TAYLOR,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5837** |
| | : | |
| **JENNIFER MARY HOFFMAN,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**JONES, J.**                                                                    **JANUARY 6, 2022**

        This matter comes before the Court by way of an Amended Complaint (ECF No. 7)

brought by Plaintiff Andre Taylor, proceeding *pro se*.  Also before the Court is Taylor's Motion

to Proceed *In Forma Pauperis* (ECF No. 10) and his Prisoner Trust Fund Account Statement

(ECF No. 11).  Because it appears that Taylor is unable to afford to pay the filing fee, the Court

will grant him leave to proceed *in forma pauperis*.  For the following reasons, the Amended

Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

## I.       FACTUAL ALLEGATIONS[1]

        Taylor, a prisoner currently incarcerated at State Correctional Institution – Dallas, brings

this civil rights action pursuant to 42 U.S.C. § 1983 against the following Defendants: (1)

Jennifer Mary Hoffman, a former Assistant District Attorney in Philadelphia; (2) Cydney Anne

Pope, an Assistant District Attorney in Philadelphia; and (3) Kathleen Suzanne York, a resident

of California.  (ECF No. 7 at 1, 3.)[2]  The factual allegations in the Amended Complaint are

sparse.  Taylor does not set forth a chronological series of events, nor does he sufficiently allege

---

[1]  The facts set forth in this Memorandum are taken from Taylor's Complaint (ECF No. 2).

[2]  The Court adopts the pagination supplied by the CM/ECF docketing system.

the relevant who, what, where, when, and how that form the basis of his claims. As a result, it is not exactly clear what Taylor alleges happened that gives rise to an alleged violation of his civil rights. However, public records reveal that Taylor is currently serving an aggregate "sentence of fifty to one-hundred years of incarceration . . . after he entered an open guilty plea to two counts each of aggravated assault, robbery, unlawful restraint, and possessing the instruments of a crime[.]" *Commonwealth v. Taylor*, No. 3478 EDA 2016, 2018 WL 2011387, at *1 (Pa. Super. Ct. Apr. 30, 2018). The Superior Court of Pennsylvania explained the facts underlying Taylor's convictions as follows:

> On July 27, 2014, Ms. Kathleen York was walking on the forty-five hundred block of Larchwood Street in Philadelphia when [Taylor] approached her from behind. [Taylor] grabbed Ms. York and pulled her into an alley, choking her with her headphones and a thin nylon rope. [Taylor] then robbed her of seven dollars, all that Ms. York had on her person and then ran away. Three days later, in the middle of the day, Corrine McDonald was walking on the forty-five hundred block of Larchwood Street when [Taylor] approached her and placed a rope around her neck, strangling her while attempting to take her necklace. Police officers observed this incident and arrested [Taylor.]

*Id.* Taylor was subsequently charged with the above listed offenses and pled guilty on December 28, 2015. *Id.*

As best as the Court can discern, Taylor now seeks to bring civil rights claims against Jennifer Mary Hoffman and Cydney Anne Pope – two Assistant District Attorneys involved in his criminal prosecution – and also against Kathleen Suzanne York – one of his victims. (ECF No. 7 at 3, 5.) Taylor alleges that both Hoffman and Pope "knew" York "was lying" and "falsely accusing" Taylor of the crime. (*Id.* at 5.) Taylor also appears to take some issue with the method of identification used at his preliminary hearing in September of 2014 claiming that when his "attorney asked for a line up[,]" Hoffman said, "[T]his is [a] proper identification." (*Id.*) With respect to Pope, Taylor seems to allege that in December of 2015 she told the state criminal court that she "was looking for" 10-20 years when asked about the length of Taylor's

sentence, but in October of 2016, she later asked the judge at Taylor's sentencing to "max-[him]-out and – 5 – strike [him.]"  (*Id.*)  Taylor also alleges that Pope slandered his name and character in the newspapers.  (*Id.*)  Based on the above, Taylor seeks "$250,000 – money damages from what [he] lost every year[.]"  (*Id.* at 6.)

## II.     STANDARD OF REVIEW

The Court will grant Taylor leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Section 1915(e)(2)(B)(iii) also requires the dismissal of claims for monetary relief brought against defendants who are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief

against a defendant who is immune from such relief").  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Taylor is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala*, 704 F. 3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Claims Against Assistant District Attorneys Hoffman and Pope

Taylor names former Assistant District Attorney for Philadelphia County Jennifer Mary Hoffman and Assistant District Attorney for Philadelphia County Cydney Anne Pope as

Defendants in this action.  While the precise legal theory underlying these constitutional claims

is unclear, it is very clear that Taylor's claims against these Assistant District Attorneys are

based solely on statements they made in court at his preliminary hearing and at his sentencing

hearing, as well as other actions they took during the course of his criminal prosecution and

sentencing. These claims, however, must be dismissed with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(iii).  Prosecutors are entitled to absolute immunity from liability under § 1983 for

acts that are "intimately associated with the judicial phase of the criminal process" such as

"initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409,

430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *id.*, 424 U.S.

at 431, including "soliciting false testimony from witnesses in grand jury proceedings and

probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a

state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence.

*Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020).[3]  Because Taylor's claims against Hoffman

and Pope are based upon their actions as prosecutors representing the Commonwealth in

---

[3]  Additionally, to the extent Taylor's claims challenge the validity of his criminal prosecution and his intact conviction, those claims are not cognizable at this time.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).  Even if Taylor's claims were otherwise cognizable, it also appears that his claims against Hoffman and Pope would be time-barred.  "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)).  Thus, limitations period applicable to Taylor's § 1983 claim is two years.  Taylor's allegations against Hoffman and Pope relate to conduct and statements that occurred in 2014, 2015, and 2016.  Taylor did not initiate this action, until November 2020, several years after the latest date the statute of limitations could have expired.  As a result, Taylor's claims are either Heck-barred or time-barred and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Taylor's criminal proceedings, they are entitled to absolute immunity and the claims against them will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[4]

### B.    Claims Against York

As previously noted, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48.  Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private party has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

---

[4] To the extent Taylor is bringing claims based on allegations of "slander," his conclusory allegations do not establish a basis for a constitutional violation or a violation of state law.  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest").  It also does not appear that the Court would have jurisdiction over any state law defamation claim, if better pled, see 28 U.S.C. § 1332(a), or that such a claim would be timely.  *See In re Philadelphia Newspapers*, LLC, 690 F.3d 161, 174 (3d Cir. 2012) (explaining that in Pennsylvania, "[t]he statute of limitations for defamation claims is one year from the date of publication."  (citing 42 Pa. Cons. Stat. § 5523)).

The only allegations in the Amended Complaint against York make clear that she is a private citizen and was one of the victims of the crimes for which Taylor was convicted.  This is insufficient to make her liable as a state actor under § 1983.  "Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do.  Filing a report or a civilian complaint does not transform a private citizen into a State actor."  *Sous v. Timpone*, Civ. A. No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)).  Participation in the related police investigation also does not render a private person a state actor for purposes of § 1983.  *Cf. Baack v. Rodgers*, Civ. A. No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)).  Even if York had "falsely accused" Taylor as he alleges, that alone is not sufficient to make her a state actor, and Taylor's claim § 1983 claim against her would still fail.  *See Collins v. Christie*, Civ. A. No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, Civ. A. No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983).  Accordingly, because York is not a state actor, Taylor's claims against her under § 1983 must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

III.     **CONCLUSION**

For the foregoing reasons, the Court will grant Taylor leave to proceed *in forma pauperis*. Taylor's Amended Complaint is dismissed with prejudice.  Leave to amend will not be granted as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").  An appropriate Order follows.

**BY THE COURT:**


_____
**C. DARNELL JONES, II, J.**